UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA, )
)
)
Plaintiff, )          2:18-CR-00017-DCLC-CRW
)
v. )
)
SAMUEL WILLIAM ALOISIO, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Samuel William Aloisio's Motion for

Sentence Reduction [Doc. 1987]. The United States (the "Government") responded in opposition

to Defendant's Motion [Doc. 1992], and Defendant replied [Doc. 1999]. This matter is now ripe

for resolution. For the reasons stated herein, Defendant's Motion [Doc. 1987] is **DENIED**.

**I.      BACKGROUND**

On February 7, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50

grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

[Docs. 837, 891]. As part of his plea agreement, the parties agreed that Defendant's 2014 Georgia

conviction was related to the instant offense. Based on a total offense level of 29 and criminal

history category of VI, Defendant's advisory guideline range was 151 to 188 months'

imprisonment. At sentencing, the Court departed downward by one level and sentenced Defendant

to a term of 140 months' imprisonment, followed by a five-year term of supervised release [Doc.

1226]. The Court also recommended that the Bureau of Prisons credit Defendant for the 50 months

of jail time for the relevant conduct sentence he served in Georgia before his arrest on the federal

1

indictment. [*Id.*]. Because that time was ultimately discharged and credited towards his state sentence, the BOP did not grant credit for the 50 months towards his federal sentence. Defendant is currently housed at FCI Butner, and his projected release date is December 23, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 31, 2026). Defendant requested compassionate release from the warden in June 2024, and again in October 2024. [Doc. 1999]. Following the first of these requests, Defendant filed the instant motion. The Government opposes Defendant's motion and argues that he does not meet the requirements for compassionate release [Doc. 1992].

## II.     LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

---

[1]     The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is too young and has spent too little time in custody. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, § 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). For instance, even if a defendant shows extraordinary and compelling reasons, "a district court may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify it." *Ruffin*, 978 F.3d at 1005. Further, "[e]ven when all [§ 3582(c)(1)(A)'s] conditions are met, the district court maintains discretion to grant or deny compassionate release." *United States v. Neidik*, No. 2:23-cr-00217, 2026 WL 775560, at *1 (S.D. Ohio Mar. 19, 2026) (citing *Jones*, 980 F.3d at 1101-02, 1106).

III. **ANALYSIS**

As an initial matter, the Government disputes that Defendant has satisfied the procedural exhaustion requirement. In Defendant's reply brief, his counsel represents that "Mr. Aloisio turned

in a 2nd compassionate release request to his Warden on October 14, 2024, and Counsel sent a separate request on his behalf on October 18, 2024." [Doc. 1999]. The Court has not received a copy of the Warden's response, but because more than 30 days have passed since this second request was filed, the exhaustion requirement has now been satisfied.

Moving to the substantive grounds for relief, the Court may deny a motion for compassionate release based on the § 3553(a) factors alone, and in this case, it will do so. *See United States v. Pegram*, 843 F. App'x 762, 764 (6th Cir. 2021) ("Here, the district court's order discussed the § 3553(a) factors and concluded that" they "weigh in favor of continue[d] incarceration. Under our precedent, that is a sufficient, alternative basis for review." (alteration in original) (internal quotation mark omitted)).

The district court considered the § 3553(a) factors at Defendant's sentencing hearing, and there is no obligation to readdress each of them now. *See* 18 U.S.C. § 3582(c)(1)(A) (stating that district courts must consider § 3553(a)'s factors only "to the extent that they are applicable"). Relevant now are the nature and circumstances of the offense and the history and characteristics of the defendant. His instant offense—conspiracy to distribute 150 grams or more of actual methamphetamine—is undoubtably serious. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v Moss*, 217 F.3d 426, 431 (6th Cir. 2000))). Indeed, Congress established a mandatory minimum term of imprisonment of 120 months for this type of offense. Defendant participated in one of the largest drug trafficking conspiracies in northeast Tennessee, and he was personally responsible for distributing 150 to 500 grams of methamphetamine. [Doc. 1720 at 18:8-20 ("[Defendant] was involved in one of the major methamphetamine conspiracies in this area, one of the largest we've ever had. … I'm amazed at the number of kilos that came in here and was distributed to addicted

4

people. … I'm amazed at the vastness of your conspiracy and how many people you knew who could furnish methamphetamine and how many then resold it.")]. In part because of his lengthy criminal history, the Court sentenced Defendant above the mandatory minimum to 140 months' imprisonment. A reduction now in Defendant's sentence would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for this offense.

Additionally, Defendant's post-conviction behavior has been mixed. There is no doubt that he has put forth significant efforts towards rehabilitation: as of October 2024, he had completed over 170 hours of educational or vocational programming and maintained consistent employment with UNICOR. Still, he does not appear to have addressed his serious drug addictions while being incarcerated. In August 2024, he received a disciplinary violation for possession of methamphetamine, and the Bureau of Prisons considers him a medium risk of recidivism. For these reasons, a sentence reduction would not afford adequate specific deterrence or protect the public from future crimes of the Defendant.

Accordingly, because the § 3553(a) factors do not warrant compassionate release, the motion is **DENIED**. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (a court may deny compassionate release when any of the substantive requirements are not met).

IV.    **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Sentence Reduction [Doc. 1987] is **DENIED**.

        **SO ORDERED:**


                                        s/ Clifton L. Corker
                                        United States District Judge


5